# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-30706
Summary Calendar

Lyle W. Cayce
Clerk

FLO ANN RICHMOND,

Plaintiff–Appellant

v.

HORACE MANN INSURANCE COMPANY,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5086

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hurricane Katrina damaged the home of appellant Flo Ann Richmond. Richmond filed a claim with her homeowner's insurance provider, appellee Horace Mann Insurance Company. Horace Mann disputed the claim, and Richmond filed suit. After a jury trial, Richmond appealed. She argues that the trial court committed plain error by favoring the defense, and that the evidence did not support the jury's verdict. Finding that the trial court did not commit

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30706

plain error and the evidence supported the jury's verdict, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2005, soon after Hurricane Katrina, Richmond notified Horace Mann of structural damage to her home. After sending an adjuster to Richmond's home, Horace Mann issued a $17,616.33 structural damage payment in October 2005. Richmond hired a public adjuster to provide further information regarding damage to her home. As a result, Horace Mann issued an additional $12,000 check for structural damage.

In May 2007, Richmond demanded policy limits from Horace Mann in the amount of $149,200 for structural damage (minus the amounts already paid) and $89,500 in damage to contents. She did not specify which contents were damaged. Horace Mann sent Richmond a proof of loss and contents inventory form for her to complete. She did not respond.

Richmond filed suit against Horace Mann. At trial, Richmond admitted that she had no photographs or other documentation of any lost or damaged contents, either before or after the storm. She stated that the storm destroyed all of her documents, credit card statements, and cancelled checks, which might otherwise have corroborated her claim for damaged contents.

During the trial, the district court actively questioned witnesses. It asked Richmond's expert witness questions about bricks, eventually concluding the expert did not know about bricks in the New Orleans area; asked Richmond detailed questions about the contents of her house; and asked Richmond numerous questions about why she did not inform an adjuster about damage to certain ostensibly valuable contents of her home. At the conclusion of this last line of questioning, Richmond broke down in tears, prompting the district court to take a recess.

At the close of trial, the district court instructed the jury to disregard any possible prejudice or opinions the jury may have felt the district court exhibited

2

No. 09-30706

when he questioned the witnesses. The jury returned a $14,000 verdict in favor of Richmond as to her claim for structural damage. The jury concluded that Richmond was not entitled to any amount for damage to contents. Richmond timely appealed.

## II.  ANALYSIS

### A.    Conduct of the Trial Court

A trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth, . . . [and] avoid needless consumption of time . . . ." FED. R. EVID. 611(a).  Under Federal Rule of Evidence 614(b), "[t]he court may interrogate witnesses, whether called by itself or by a party."  If a party wishes to object to the court's interrogation of a witness, it may do so immediately or as soon as the jury is not present. FED. R. EVID. 614(c).

Here, Richmond did not object at all, so our appellate review is for plain error. FED. R. EVID. 103(d).  Under the plain error standard, we will reverse only if "(1) there is an error, (2) that is clear or obvious, and (3) that affects [a party's] substantial rights." *United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000); *see also Septimus v. Univ. of Houston*, 399 F.3d 601, 606–07 (5th Cir. 2005) (applying plain error review in a civil case).  Even if these factors are met, "the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ferguson*, 211 F.3d at 886 (citing *United States v. Olano*, 507 U.S. 725, 735–36 (1993)).

We must determine whether the district court "stray[ed] from neutrality" in its interactions with witnesses, *United States v. Lankford*, 196 F.3d 563, 573 (5th Cir. 1999) (quotation omitted), to such an extent that it committed plain error. We find that it did not. It is true that the district court seemed to question

No. 09-30706

Richmond's witnesses more actively than Horace Mann's witnesses, and that its questioning seemed to point out flaws in Richmond's case. However, "[t]he mere fact that there were more interruptions on one side or the other" and "[t]he judge's elicitation of 'damaging information' in the course of questioning witnesses" are "insufficient to demonstrate that the judge was engaged in misconduct." *Id.* at 572–73 (finding no misconduct when the trial court interrupted the defendant's examination of key witnesses almost sixty times, while only interrupting the Government's examination of the same witnesses twenty times); *see also McMillan v. Castro*, 405 F.3d 405, 412 (6th Cir. 2005) (finding no misconduct even when the trial court's questioning "bordered on condescending"). Instead, the district court's questions were more focused on ascertaining the truth and "avoid[ing] needless consumption of time." FED. R. EVID. 611(a)

Finally, we note that the district court's jury instruction would have helped to cure any perceived prejudice. *See Lankford*, 196 F.3d at 573 (explaining that jury instructions can "operate against" a finding of judicial misconduct).

## B.    Sufficiency of the Evidence

Appellate review of factual findings underlying a jury verdict is very deferential. *Ham Marine, Inc. v. Dresser Indus., Inc.*, 72 F.3d 454, 459 (5th Cir. 1995). "Unless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict, the findings of the jury must be upheld." *Id.*

Here, there was ample evidence for the jury to find that Richmond should not receive any compensation for damage to contents. First, more than a year and a half passed between the time Richmond filed her initial claim and the time she filed a claim for damage to contents. Even when she did file a claim, she did not respond to Horace Mann's request for more detailed information. Also, Richmond failed to provide sufficient evidence of the contents, despite numerous

opportunities to do so.  She had no photographs of the contents from before the hurricane and took no photographs of the damaged contents before throwing them out.  She had no documentation of having purchased the contents: she stated that this documentation was destroyed during the hurricane, but she did not explain why she was unable to procure duplicate statements from her credit card company or cancelled checks from her bank.  Finally, she provided no documentation of having replaced any of the damaged items after the storm.

### III.  CONCLUSION

Because the trial court did not commit plain error and the evidence supported the jury's verdict, we AFFIRM.